**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| JOSEPH MARTIN, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 1:10-cv-792-LJM-DML |
| ALAN FINNAN, | ) | |
| Respondent. | ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

In a prison disciplinary proceeding identified as No. ISR 08-03-272, Joseph Martin was found guilty of violating prison rules and was sanctioned. His misconduct caused damage to a prison dormitory. One of the sanctions imposed as a result of Martin being found guilty of the charged misconduct was an order that Martin make restitution payments of $4,000.00.

Martin now seeks habeas corpus relief with respect to No. ISR 08-03-272. His specific contention is that there was insufficient evidence to support the restitution order.

The respondent has filed a motion to dismiss, pointing out that Martin has been released from the custody of the Indiana Department of Correction. Martin has opposed the motion to dismiss, pointing out that he remains on parole.

"A state prisoner may obtain habeas corpus relief 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" 28 U.S.C. § 2254(a). It is the custody itself that must violate the Constitution. Accordingly, prisoners who are not seeking earlier or immediate release are not seeking habeas corpus relief. *Washington v. Smith*, 564 F.3d 1350, 1350-51 (7th Cir. 2009) (holding challenge to restitution amount does not state a cognizable claim for relief under § 2254). A restitution order is part of a sentence; it can be challenged on direct appeal, but not later. *See United States v. Sloan,* 505 F.3d 685, 697 (7th Cir. 2007); *Barnickel v. United States,* 113 F.3d 704, 705-06 (7th Cir. 1997); *United States v. Michaud*, 901 F.2d 5, 7 (1st Cir. 1990) ("A monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes.").

Inasmuch as the foregoing principle precludes consideration of collateral relief in the more formal setting of a criminal conviction, Martin cannot proceed with his challenge to the restitution order imposed as a result of a disciplinary sanction in this case. See *Hah Qawi v. Martin*, 2007 WL 1119298, *1 (N.D.Ind. April 12, 2007) (dismissing challenge to restitution amount imposed as a prison disciplinary sanction because petitioner had not suffered a sanction actionable under § 2254).

The respondent's motion to dismiss (dkt 9) is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/15/2010

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana